## John Battles *vs.* Alpheus Fobes, Jr.

Where a debtor assigned his property in trust for such of his creditors as should execute the indenture of assignment, which contained a release of the debtor, within sixty days, it was held that a creditor who executed it after the sixty days had elapsed, was not a party thereto, and that he did not tnereby release the debtor, although he had made a parol agreement, within the sixty days, that he would execute the indenture.

Assumpsit on a promissory note given by the defendant to the plaintiff. Defence, a release given by the plaintiff to the defendant.

At the first trial of the case, it appeared that the defendant made an assignment of his property for the benefit of such of his creditors as should execute a release of their claims by becoming parties to the indenture of assignment within sixty days from the date thereof. The plaintiff executed the indenture ; but it was held that if he did not execute it until after the sixty days had expired, he was not a party thereto and the release would not avail the defendant. It was also held that parol evidence was admissible to prove that the plaintiff did not execute the indenture within the sixty days ; and a new trial was granted, that the plaintiff might have opportunity to introduce such evidence. 21 Pick. 239.

At the second trial, it was agreed by the parties " that the actual execution of the instrument, on the part of the plaintiff, took place a week or two weeks after the sixty days, named in

the instrument for the assent of the creditors, had expired, though he had agreed to execute it before the expiration of said sixty days. The agreement was by parol."

Plaintiff to become nonsuit, if by signing said indenture as aforesaid, he discharged said note ; otherwise, the defendant to be defaulted.

*W. Baylies*, for the defendant. The plaintiff, having agreed within the sixty days to execute the release, and having afterwards done so under an anterior date, is estopped to deny that he executed it within the sixty days. *Bridge* v. *Wellington*, 1 Mass. 219. *Chester Glass Company* v. *Dewey*, 16 Mass. 94. *Cady* v. *Eggleston*, 11 Mass. 285. *Bonaffe* v. *Woodberry*, 12 Pick. 463. *Dyer* v. *Rich*, 1 Met. 180.

The release was valid, even if the sixty days had elapsed before the plaintiff executed or agreed to execute it. No consideration is necessary to a release. Chit. Con. (Perkins's ed.) 601. *Coe* v. *Hutton*, 1 S. & R. 398. Angell on Assignments, 195.

The former decision in this case, 21 Pick. 239, is not decisive against the defendant, as a new fact is ascertained, viz. the plaintiff's agreement, before the expiration of the sixty days, to execute the indenture.

*Eddy*, for the plaintiff. The question now raised was settled in this case, by the decision in 21 Pick. 239. The condition of the assignment was that it should affect those who should sign and seal it within 60 days from its date. The estoppel contended for would affect third persons, viz. other creditors. In the cases cited for the defendant, the parties only were affected. As to the date of instruments, *Eddy* cited *Goddard's case*, 2 Co. 4. *Hall* v. *Cazenove*, 4 East, 477. *Stone* v. *Bale*, 3 Lev. 348. 1 Chit. Pl. 349. *Potter* v. *Marine Ins. Co.* 2 Mason, 475.

SHAW, C. J. After another trial, this case again comes before the court, on an agreed statement of facts, slightly differing from those appearing on the former report. 21 Pick. 239. The principal question formerly discussed was, whether it was competent for the plaintiff to prove that he executed the assign-

Battles *v.* Folses.

ment more than sixty days after its date. The court considered that the instrument did not purport to be executed on the day of its date ; on the contrary, it contemplated an execution afterwards. The instrument itself therefore stated no time at which it was executed by the plaintiff; and consequently it was considered open to proof, and the doctrine of estoppel did not apply. As the instrument required an execution within sixty days from the date of making it, to render it effectual, the fact of execution might raise a presumption that it was done within the time thus limited, so as to throw the burden of proof upon the party averring the contrary. This was proved.

But further ; a deed takes effect from its delivery, and therefore an execution and delivery on a day different from the date may be shown by evidence *aliunde*. *Hall* v. *Cazenove*, 4 East, 477.

The only particular, in which this statement of facts differs from the former report, is this, that the plaintiff had agreed to become a party to the assignment, within the sixty days, though he did not execute it till a week or two after. By this, we understand that he had verbally expressed his willingness and intention to become a party, within the time limited. The court are of opinion, that this circumstance does not vary the legal result. The point decided was, that the instrument bound parties only ; that one did not bring himself within the description in the instrument, so as to be a party, unless he *executed* it within the time. An expressed intention to become a party did not make him a party ; it would not subject him to the duties, nor entitle him to the benefits of being a party.

*Defendant defaulted.*